# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### ASHEVILLE DIVISION
#### 1:10cv259

TAMI JEAN CONNOR,       )
                                   )

       Plaintiff,       )
                                   )      *ROSEBORO*

Vs.                        )      ORDER
                                   )

NORTH CAROLINA DEPARTMENT   )
OF TRANSPORTATION,       )
                                   )

       Defendant.      )
_____   )

     **THIS MATTER** is before the court on defendant's Motion for Involuntary Dismissal (#3). Plaintiff is proceeding *pro se* and will be advised of her obligation to respond, the time for doing so, and the consequences of failing to respond.

     In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), plaintiff, who is proceeding *pro se*, is cautioned that defendant has filed a Motion for Involuntary Dismissal, contending under Rule 41(b), Federal Rules of Civil Procedure, that plaintiff has failed to comply with this court's Order and the Local Civil Rules of this court, which require that she participate in an Initial Attorneys Conference. Defendant further points out that plaintiff has attempted to file a voluntary dismissal in the North Carolina General Court of Justice, Superior Court Division for Buncombe County, even though this action is now in federal court and

was removed from the North Carolina General Court of Justice for *Cleveland* County.

<u>See</u> Motion (#3), Ex. B.

Plaintiff is advised that defendant is seeking dismissal of her action with prejudice. Rule 41(b) provides as follows:

> **(b) Involuntary Dismissal; Effect.**
> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

Fed.R.Civ.P. Plaintiff is advised that as the plaintiff - - the proponent of the litigation - - she has an affirmative obligation to move the action forward and that a failure to do so is called "a failure to prosecute." Plaintiff is specifically advised that if the district court dismisses this action for failure to prosecute, such dismissal will likely be with prejudice, which means that she will be forever barred from reasserting the claims asserted herein.

Plaintiff is advised that she has a right and obligation to respond to such motion in a writing filed with the court within the time herein provided. In that writing, plaintiff must show that she has complied with the court's orders and rules or that she has excusable neglect for failing to comply with the court's Order ("Notice of Requirement to Conduct Initial Attorneys Conference") along with what steps she has

taken or will take to remedy the noncompliance. In the alternative, she may also argue why she believes the dismissal should not be with prejudice.

Finally, plaintiff is advised that she has until January 6, 2011, to file her written response, that it must be served on the defendant, and that it must include a certificate of service indicating the manner in which she served defendant. Failure to do so will result in the summary, involuntary dismissal of this action.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff file her response as herein provided to the defendant's Motion for Involuntary Dismissal (#3) not later than January 6, 2011.

Signed: December 21, 2010

Dennis L. Howell
United States Magistrate Judge